UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ARIEL R. MARSHALL, | § | |
|---|---|---|
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-02984-X |
| | § | |
| SWIFT TRANSPORTATION | § | |
| SERVICES LLC, et. al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Ariel Marshall moves to effect substitute service on defendant Novella Webb [Doc. No. 4]. The Court grants the motion.[1]

I.

Marshall initially filed this suit in state court against Webb alleging Webb injured Marshall in an automobile collision through her negligent driving. Marshall brought Swift Transportation Services LLC ("Swift Transportation") as a defendant under the theory of *respondeat superior*. Swift Transportation subsequently removed the case to this Court on December 18, 2019 [Doc. No. 1]. Through a process server, Marshall has attempted six times to personally serve Webb at her North 5th Street[2]

---

[1] Under Section 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] To address the privacy concerns associated with disclosing residence addresses, the Court will refer to addresses by street name without listing the specific address and city. *See* Fed. R. Civ. P.

1

residence: on November 28, 2019, at 10:23 a.m.; November 30, 2019, at 7:20 p.m.; December 1, 2019, at 3:08 p.m., December 4, 2019, at 7:56 a.m., December 7, 2019, at 8:29 p.m., and on December 10, 2019, at 3:59 p.m.

Marshall's motion to effect substitute service is supported by the affidavits of Geoffrey Hiner and Vincent Sammataro. Hiner's affidavit states that he confirmed with the U.S. Postmaster in the area where Webb was believed to be residing that Webb is currently receiving mail at the North 5th Street residence. Hiner attaches the U.S. Postmaster's confirmation to his affidavit. Sammataro's affidavit details Marshall's attempts to serve Webb at the North 5th Street residence. Sammataro claims that he attempted to serve Webb on six different days at different times of day (described above).

II.

Marshall moves to effect substitute service on Webb. It asks the Court to allow it to serve Webb by leaving the summons and complaint with anyone over sixteen (16) years of age at the North 5th Street residence or by affixing the summons and complaint to the front door or gate of the residence. Federal Rule of Civil Procedure 4(e)(1) provides that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Texas law provides that when personal service has been unsuccessful,

---

5.2(e)(1) (permitting court to require redaction of information not specifically listed in Rule 5.2(a)(1)–(4)).

> [u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . but has not been successful, the court may authorize service (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). In this case, "service has been attempted but has not been successful." Marshall's multiple attempts through a process server to serve Webb at her residence address support the reasonable inference that any further attempts will also be unsuccessful.

Accordingly, the Court **GRANTS** Marshall's motion for substitute service on defendant Webb as set forth in this memorandum opinion and order.

**IT IS SO ORDERED** this 18th day of February, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE